RECEIVED
NOV - 5 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MICHAEL DOLE, MD, APMC                    DOCKET NO. 1:18-cv-1198

VERSUS

ALEX M. AZAR, ET AL.                      JUDGE DEE D. DRELL
                                          MAG. JUDGE PEREZ-MONTES

## RULING

Before the court are Plaintiff's "Motion for Preliminary and Permanent Injunction, Mandamus and Consolidation Under F.R.C.P. 65(a)(2)" (Doc. 14) and Defendants' "Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Mandamus" (Doc. 21). Both motions were argued by the parties and taken under advisement on May 24, 2019.

### I. BACKGROUND

#### A. Medicare Act

The Medicare Act, 42 U.S.C. §1395, *et seq.*, was enacted in 1965 under Title XVIII of the Social Security Act to provide a health insurance program for the elderly. The Secretary of the United States Department of Health and Human Services was entrusted with promulgating regulations for the administration of the Medicare program.

As part of the resulting regulations, participating medical providers enter into a written agreement with Medicare. Medical providers submit claims for reimbursement to a designated Medicare Administrative Contractor ("MAC") after rendering services to a Medicare beneficiary.[1] 42 U.S.C. §1395ff(a)(2)(A). An "initial determination" by the Secretary as to whether to pay or deny the claim must be made within 30 days of receiving the claim, but the Secretary may "reopen

---

[1] In the instant matter, APMC submitted reimbursement to Novitas Solutions, Inc.

or revise any initial determination…under guidelines established by the Secretary in regulations." 42 U.S.C §h(c)(D), §ff(a), §ff(b)(1)(G), and 42 C.F.R. §402.920. Additionally, a "post payment review process" may be implemented by a Recovery Audit Contractor and/or a Zone Program Integrity Contractor ("ZPIC"), which is what transpired in this case. Providers agree that the Center for Medicare and Medicaid Services can recoup overpayments from current and future payments.

**B. Facts**

Dr. Michael Dole is a Louisiana licensed physician, board-certified in pain management, and a qualified provider of physician services covered by Medicare Part B[2]. Dr. Dole practices through a professional medical corporation, Michael Dole, M.D., A Professional Medical Corporation ("APMC"). APMC is the entity enrolled in Medicare and it submits charges to Medicare for payment. APMC's only physician is Dr. Dole and he is one of two physicians in the Alexandria, Louisiana area who limit their practice to the medical management of chronic pain. The other physician is aging, in declining health, and has severely restricted his practice. Neither physician is accepting new Medicare patients, so Medicare beneficiaries must travel to Shreveport, Lafayette, Baton Rouge or Houma to see a physician who medically manages chronic pain.[3]

ZPIC contractor, AdvanceMed, conducted two separate post-payment reviews of APMC: one in November 2015 and the second in April 2016. On September 29, 2016, AdvanceMed provided a letter to APMC advising the post-payment review revealed two overpayments were

---

[2] The Medicare Act ("Act") was enacted in 1965 under Title XVIII of the Social Security Act. The Act provides health insurance to those age sixty-five and older. Specifically, Medicare pays for covered services that are rendered to eligible beneficiaries by medical providers participating in the Medicare program. Under Part B of the Medicare Act, a beneficiary is generally entitled to payment of medically necessary services and supplies for the diagnosis and treatment of a Medicare beneficiary's health condition.

[3] While other physicians in the area treat pain, they do not engage in medical management of pain or prescribe medications to address chronic pain, *i.e.* Dr. Melanie Firmin treats pain via injections.

2

made to APMC: the first in the amount of $9268.48 (58 claims reviewed) and the second in the amount of $10,466.84 (90 claims reviewed). From these figures, AdvanceMed used statistical sampling and extrapolation to calculate and project an overpayment of claims to APMC in the amount of $4,339,672.96.

Pursuant to 42 U.S.C. §1395ff, APMC initiated its four-level administrative appeal of the "post-payment review." APMC timely requested a redetermination from Novitas, the MAC that initially approved both the $9,268.48 and the $10,466.84 payments. Novitas issued a timely redetermination and denied APMC relief as to both amounts.

APMC then timely submitted a request for reconsideration of both amounts to a "Qualified Independent Contractor", C2C Innovative Solutions, Inc. In two separate decisions, one issued on June 16, 2016 and the other on July 7, 2016, APMC was denied relief on the $4.3 million claim and the $9,268 claim, respectively.

APMC sought hearings before an Administrative Law Judge ("ALJ") on the $4.3 million claim on July 28, 2017 and on the $9,268 claim on August 18, 2017, pursuant to 42 C.F.R. 405.1014. Over two years later, no ALJ has been assigned to either case and no hearing has been held. Nevertheless, the Defendants moved forward with recoupment efforts in July 2017, charging 10.25% interest per annum to all amounts allegedly owed and withholding 100% of APMC's current Medicare reimbursements.

At the time of our hearing on May 24, 2019, it had been roughly 650 days since the ALJ hearing was requested, and in that time, Medicare recouped $2.4 million from APLC by withholding payments for services rendered. Medicare turned the remaining debt over the United States Department of Treasury who in turned hired Performant Recovery to collect the debt from

APMC. In light of the backlog of appeals, it is more likely than not that Defendants will recoup 100% of the alleged overpayment and accrued interest before an ALJ holds a hearing.

**II.  Motion to Dismiss**

Defendants' argue APMC's claims should be dismissed under Fed.R.Civ.P 12(b)(1) because this court lacks jurisdiction and/or Rule 12(b)(6) as APMC has failed to state a claim upon which relief can be granted. We first address whether or not this court has jurisdiction over this matter.

**A. Jurisdiction**

Defendants, citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 14 (2000), argue this court lacks jurisdiction because APMC has not presented its constitutional claims to the Secretary nor exhausted its administrative remedies before raising them before a court. Defendants further aver that, pursuant to Mathews v. Eldridge, 424 U.S. 319 (1976), courts may waive the Secretary's administrative exhaustion requirements but cannot waive statutorily mandated administrative exhaustion requirements that form the basis of the court's jurisdiction. Id. at 328. Thus, Defendants say that because APMC has not exhausted the administrative remedies expressed in 42 U.S.C. §1395ff, and the court cannot waive exhaustion of those remedies, we cannot exercise jurisdiction over APMC's claims under 42 U.S.C. §405(g). We disagree.

To determine whether subject matter jurisdiction exists under 42 U.S.C. §405(g), courts apply a two-prong test: (1) whether the claim was presented to the Secretary; and (2) whether the claimant exhausted his administrative review. Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 284 (5th Cir.1999) (citing Mathews v. Eldridge, 424 U.S. at 328. Presentment can never be waived and "no decision of any type can be rendered if this requirement is not satisfied." Id. However, exhaustion may be waived if: (1) the claims are "entirely collateral"

4

to a substantive agency decision and (2) "full relief cannot be obtained at a post-deprivation hearing." Family Rehab. v. Azar, 886 F.3d 496, 501 (5th Cir.2018).

In the present case, APMC met the presentment prong of the test when it began its appeal process by disputing CMS's final determination that APMC owed a reimbursement in the amount of $4.3 million. While defendants are correct that the matter has not been fully exhausted, we do not believe this to be a bar to satisfying the presentment prong especially where the claim amounts are so significant, exhaustion is in the Defendants' hands, is significantly and prejudicially delayed by Defendants and APMC has no other remedy.[4]

The injunctive relief sought here is identical to that sought in Family Rehab.; APMC seeks to suspend Defendants' recoupment efforts until an ALJ can conduct a hearing and render a decision. As in Family Rehab, APMC's due process and ultra vires claims are wholly collateral because APMC does "not seek a determination that the recoupments are wrongful under the Medicare Act." Id. at 503. Rather, it simply asks that the effectively penal recoupment cease to prevent further irreparable harm. In this regard, APMC raises a colorable claim that continued recoupment will damage it in a way not recompensable through post-recoupment corrected retroactive payments. Mathews v. Eldridge, 424 U.S. at 331.

During the hearing before us on May 24, 2019, Dr. Dole testified that he was forced to lay off and/or reduce weekly work hours for the majority of his employees. He had to secured personal loans to keep the medical practice afloat, but he could no longer afford to do so. Most importantly, continued recoupment would force him to close his doors, thereby leaving Medicare beneficiaries without a geographically reasonable pain management provider[5]. See Family Rehab, 886 F.3d 496, 504; Affiliated Professional, 164 F.3d at 286.

---

[4] We will address *infra* Defendants' claims that APMC has another remedy.
[5] Dr. Dole testified he was the only medical pain management physician who currently accepted Medicare patients.

5

Having determined the due process and ultra vires claims to be wholly collateral, we determine the exhaustion requirement to be effectively waived. Accordingly, this court has jurisdiction to consider these claims.

**B. Failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6)**

Defendants argue APMC has failed to state a claim upon which relief can be granted. Specifically, they contend APMC cannot state a procedural due process claim because APMC does not have a property interest in either improperly paid Medicare payments nor in current Medicare payments.

We have exhaustively researched this aspect of the case and are familiar with all cases within our circuit which have decided whether a property interest exists in Medicare reimbursement payments. As pointed out by Judge Doughty, our colleague in this district, "[t]he courts are split as to whether providers…have a protected property interest in Medicare payments…." Supreme Home Health Svcs. v. Azar, 380 F.Supp.3d 533 (W.D. La. 2019), appeal docketed, No 19-30480 (5th Cir. June 11, 2019). A number of district courts found a provider has a property interest in present reimbursement payments for claims that are properly billed. See Family Rehab., Inc. v. Azar, 2018 WL 3155911, at *4 (N.D. Tex. 2018) ("property interest in the Medicare payments for services rendered."); Adams EMS, Inc v. Azar, 2018 WL 5264224, *10 (S.D. Tex. 2018) ("[Provider] has a property interest in receiving and retaining the Medicare payments it has earned."); Infinity Healthcare Svcs., Inc. v. Azar, 349 F.Supp.3d 587, 596 (S.D. Tex.2018) ("Plaintiff has a property interest in the Medicare payments for services rendered."); Med-Cert Home Care, LLC v. Azar, 365 F.Supp. 742, 751 (N.D. Tex. 2019) ("an interest in the Medicare payments for properly billed claims that are not being recouped by the government.").

On the other side of the issue are cases like Sahara Health Care, Inc. v. Azar, 349 F.Supp.3d 555 (S.D. Tex2018); No 18-41120 (5th Cir. Dec. 4, 2018). We agree with Judge Doughty court that the court in Sahara issued a "more reasoned analysis of the property interest issue." Supreme, 380 F.Supp.3d at 555. Ultimately the courts in both Sahara and Supreme determined that a provider's participation in the Medicare program did not confer with a property interest in its reimbursement claims.

Both Sahara and Supreme are on appeal to the Fifth Circuit at this time. As the decision(s) issued by the Fifth Circuit will resolve the question of whether a provider has a property interest in Medicare claims, we find it necessary to reserve ruling on this aspect of the motion and whether the APMC is entitled to injunctive relief.

### III. Motion for Mandamus Relief

28 U.S.C. §1361 provides this court subject matter jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 42 U.S.C. §405(h) does not preclude application of section 1361 in the Medicare context when the issue is procedural and would not otherwise be reviewed. Wolcott v. Sebelius, 635 F.3d 757, 764 (5th Cir.2011). Accordingly, this court has jurisdiction to issue a writ of mandamus when a plaintiff makes a showing that he is owed a nondiscretionary duty by a United States officer or employee.

Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists. Id. at 768 (citations omitted). Even where all elements are satisfied, "the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy." Id. (citation omitted).

Despite Defendants' contentions, (1) APMC has a clear right to a hearing before an ALJ; (2) under the regulations, the ALJ hearing shall be conducted and the ALJ must render a decision

"by not later than the end of the 90-day period beginning on the date a request for hearing has been timely filed"; and there is no other adequate remedy to replace a hearing before the ALJ. 42 U.S.C §1395ff(d). While Defendants argue another adequate remedy is provided by 42 U.S.C. §1395ff(d)(3)(B), APMC, common sense, and case law dictate otherwise.

The other adequate remedy posited by Defendants is an escalated review by the Departmental Appeals Board of the Department of Health and Human Services. Defendants contend there is no difference between it and the ALJ hearing but that is not true. The type of review received is significantly different. Escalated review is simply another review of the record as it is reviewing the QIC's reconsideration. On the other hand, an ALJ hearing is a *de novo* review with a live hearing. At the hearing, the party may indeed present written and testimonial evidence as well as written and/or oral arguments to prove its case. 42 C.F.R. 405.1036. In fact, the party may introduce evidence that would not be admissible in court under the rules of evidence. Id. Though a provider may sometimes choose escalated review, common sense dictates this avenue of review is nowhere as thorough as proceeding before an ALJ. The years long backlog to obtain an ALJ hearing in this case and the many other pending cases speaks for itself.

We are reminded that "[e]ven when a court finds all three elements are satisfied, the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy." Wolcott v. Sebelius, 635 F.3d 757, 768 (5th Cir. 2011). Having considered the extraordinary nature of this remedy and the satisfaction of the mandamus elements, we find that a writ of mandamus is a justified remedy in this case. All three elements have been met. The government is clearly shirking its statutorily required responsibility to hold a hearing before an ALJ and issue a decision within 90 days. Though APMC is not the only provider in this position, it is one who has come to court properly seeking the court's assistance.

## IV. CONCLUSION

In light of the foregoing, we bifurcate the issues presented in APMC's "Motion for Preliminary and Permanent Injunction, Mandamus and Consolidation Under F.R.C.P. 65(a)(2)" (Doc. 14) and Defendants' "Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Mandamus" (Doc. 21). We reserve judgment on all issues pertaining to injunctive relief and GRANT APMC's motion for mandamus relief. We will issue a judgment in conformity with these findings.

**SIGNED** this 5 day of November 2019, at Alexandria, Louisiana.

**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**