UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**MICHAEL DOLE, MD, APMC**           **DOCKET NO. 1:18-cv-1198**

**VERSUS**

                                                      **JUDGE DEE D. DRELL**

**ALEX M. AZAR, ET AL.**           **MAG. JUDGE PEREZ-MONTES**

## RULING

Before the court is "Defendants' Second Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Mandamus." (Doc. 57). The motion has been fully briefed and is ready for consideration.

**I.  BACKGROUND**

Plaintiff, Michael Dole, MD, A Professional Medical Corporation (APMC) filed suit against defendants, Alex Azar. Secretary of the United States Department of Health and Human Services and Seema Verma, Administrator for the Centers for Medicare and Medicaid Services, in their official capacities on September 11, 2018 (Doc. 1). APMC sought "injunctive relief to enjoin the recoupment of earned Medicare reimbursement amounts owed to the APMC for ongoing services following an overpayment audit until such time that the APMC has had a meaningful opportunity to exhaust, and has exhausted, its administrative remedies" and "mandamus relief to compel HHS to provide the APMC an administrative hearing within a reasonable time, not to exceed ninety (90) days after the Court enters an Order, or alternatively, upon the Court's granting of injunctive relief, within a reasonable time period after Defendants have corrected the deficiencies and backlog that caused a violation of the APMC's rights." (Id. at 1-2).

On November 5, 2019, this court issued an order granting mandamus relief but reserved ruling on all issues pertaining to the request for injunctive relief. Pursuant to the mandamus, the Office of Medicare Hearings and Appeals was ordered to schedule a hearing before the designated ALJ and issue a ruling within 90 days. (Doc. 47).

On December 16, 2019, the court revised its order to allow the defendants additional time within which to conduct the ALJ hearing. (Doc. 52). On May 20, 2020, the defendants filed a notice of compliance confirming ALJ hearings were held and notice of decisions had been issued. (Doc. 56). Thereafter, the defendants filed the instant motion arguing that the matter before the court should be dismissed as APMC received its appeal and determination rendering APMC's due process argument moot. (Doc. 57). APMC filed an opposition arguing that the matter is not moot as the mootness exception "capable of repetition, yet evading review" applied. (Doc. ).

## II. LAW AND ANALYSIS

"Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies," and "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." Kingdomware Techs v. United States, 136 S.Ct. 1969, 1975 (2016) (quoting Already, LLC v. Nike, Inc., 567 U.S. 85, 90, 133 S.Ct. 721, 726 (2013) (internal quotation marks omitted)). The Defendants argue that no live controversy exists as APMC's appeal of the 2017 overpayments is complete and recoupment of earned Medicare reimbursement amounts is proper. Accordingly, "it has 'become[] impossible for the court to grant any effectual relief whatever to the prevailing party" and the matter is moot. City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (internal quotations and alterations omitted).

APMC opposes the Defendants assessment of its claim for injunctive relief against recoupment of overpayments to be moot. In support, it cites the exception to mootness, capable

2

of repetition but evading review, first introduced by the Supreme Court in Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498 (1911). "The exception applies 'only in exceptional situations,' where (1) "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Kingdomware Techs v. United States, 136 S.Ct. 1969, 1976 (2016) (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998). The two circumstances must present simultaneously. Lewis v. Continental Bank Corp., 494 U.S. 472, 481 (1990) (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982) (*per curiam*), in turn quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (*per curiam*).

APMC argues that the first circumstance is met because the court's issuance of a mandamus ruling rendered the challenged action, the alleged due process violation, too short to be fully litigated. It argues the second circumstance is also met because it will be subjected to the same due process violation again. In support it notes the fact that at the time of briefing it had filed an appeal to the ALJ on one subsequent Medicare pre-payment audit and that it intended to do so with respect to another.[1] From this, APMC wishes the court to infer from these facts that there is a "reasonable expectation" it will be subjected to recoupment of overpayments without due process. See, Lewis, 494 U.S. at 481. Even if we were to make such an assumption, APMC has not established that its due process claim is "likely forever to 'evad[e] review." Id., (quoting Burlington Northern R. Co. v. Maintenance of Way Employees, 481 U.S. 429, 436, n.4 (1987).

Due process claims such as the one presented by APMC are not the type to evade review. These claims are generally reviewed and decided without need to dismiss them as moot. In this case, the determination of the claim was cut "too short" by not just the issuance of the mandamus

---

[1] APMC sought an ALJ hearing on August 16, 2018; yet, no ALJ has been assigned to that case. APMC also received an untimely reconsideration dated May 29, 2020, which it intends to appeal.

but because the court sought guidance from the Fifth Circuit Court of Appeals due to a split in the circuit regarding claims such as this. If this claim or a claim like it were brought today, even if mandamus relief was granted, a ruling would likely be issued regardless of whether mandamus relief was sought.

Because APMC cannot establish that its due process claim is evading review, we do not find the doctrine applicable. The claim is therefore moot.

### III. CONCLUSION

In light of the foregoing, the Defendants' "Second Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Mandamus" will be granted. We will issue a judgment in conformity with these findings.

**SIGNED** this 25 day of August 2020, at Alexandria, Louisiana.

**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MICHAEL DOLE, MD, APMC        DOCKET NO. 1:18-cv-1198

VERSUS

       JUDGE DEE D. DRELL

ALEX M. AZAR, ET AL.        MAG. JUDGE PEREZ-MONTES

## JUDGMENT

For the reasons set forth in the accompanying ruling filed on this date, it is hereby

**ORDERED** that Defendants' "Second Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Mandamus" (Doc. 57) is GRANTED  The lawsuit is DISMISSED WITH PREJUDICE and all pending motions are DENIED AS MOOT.

**SIGNED** this ___ day of August 2020, at Alexandria, Louisiana.

       _____
       **JUDGE DEE D. DRELL**
       **UNITED STATES DISTRICT COURT**